## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | | |
|---|---|---|
| **U.S. Equal Employment Opportunity Commission,** | ) | **Civil Action No.** |
|     10 S. Howard Street, 3rd Floor | ) | |
|     Baltimore, MD  21201, | ) | |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **Dimensions Healthcare System** | ) | |
|     3001 Hospital Drive | ) | |
|     Cheverly, MD 20785, | ) | |
| | ) | |
| **Defendant.** | ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Cassandra Crawford, who was adversely affected by such practices.  As alleged with greater particularity below, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant Dimensions Healthcare System ("Defendant" or "DHS") unlawfully discriminated against Crawford on the basis of her sex (female) by denying her a promotion.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").  This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil

Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a corporation doing business and operating within the State of Maryland with at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Crawford filed a charge with the Commission alleging violations of Title VII by DHS.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Crawford began working for Defendant in May 2007 as an Appeals Coordinator in its Patient Financial Services department.

8.      In or around April 2012, Defendant promoted Crawford to Team Lead, where she oversaw and managed several team members and performed various Human Resources tasks, such as interviewing, monitoring time issues, executing performance reviews, and disciplining subordinates.

9.      From January 2014 to April 2014, Crawford took maternity leave.

10.     On or around October 14, 2014, Crawford learned that Defendant had selected Terraze Jones, a less experienced male, for a promotion to the Manager position in the Patient Financial Services department.

11.     Terraze Jones was Crawford's subordinate and had been disciplined by her and others when he was placed on a three-day suspension for unexcused absences.

12.     On information and belief, Jones had less experience and qualifications than Crawford, having only one year of experience working for Defendant in an entry level position.

13.     On or around October 14, 2014, Crawford complained to her supervisor Christine Lewis about Jones's promotion, who indicated that Jones's promotion was a final decision.

14.     On or around October 20, 2014, Crawford met with Judy Selvage, Defendant's Associate Vice President and Director of the Patient Financial Services department, to discuss Jones's promotion. Crawford explained that she deserved the promotion instead of Jones because of her superior qualifications and proven experience managing and supervising team members for Defendant.

15.     Selvage explained that Defendant had considered Crawford for the Manager position, but that it was instead promoting Jones because Crawford had been "on maternity leave for awhile."

16.     Crawford resigned shortly thereafter.

17.     Defendant engaged in unlawful employment practices in violation of Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) when it failed to promote Crawford to the Manager position and promoted a less experienced male instead her, because of her sex.

18.     The effect of the practices complained of above in Paragraphs 6-16 has been to deprive Crawford of equal employment opportunities and otherwise adversely affect her rights under Title VII, resulting in expenses incurred due to emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

19.     The unlawful employment practices complained of above were intentional.

20.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Crawford.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex;

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and that eradicate the effects of its past and present unlawful employment practices, and prevent sex discrimination from occurring in the future;

C.     Order Defendant to make Crawford whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 6-16 above;

D.     Order Defendant to make Crawford whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

E.      Order Defendant to pay Crawford punitive damages for its callous indifference to her federally protected right to be free from discrimination based on sex;

F.      Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of sex, including that it will comply with all aspects of Title VII;

G.      Grant such further relief as the Court deems necessary and proper in the public interest; and

H.      Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney
Bar No. 15562
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
(410) 209-2733 (phone)
Maria.Salacuse@eeoc.gov